## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | |
|---|---|
| NICOLE MOSS and HELEN MOHAN, for themselves and those similarly situated, | |
| c/o Keilty Bonadio, LLC<br>One South Street, Suite 2125<br>Baltimore, MD 21202 | |
| Plaintiffs, | Case No.: |
| v. | **CLASS ACTION COMPLAINT** |
| BREWERS HILL REALTY, LLC<br>986 Monroe Avenue<br>Rochester, NY 14620 | |
| EXCELSIOR COMMUNITIES<br>986 Monroe Avenue<br>Rochester, NY 14620 | |
| WOOD PARTNERS<br>3715 Northside Parkway NW<br>Suite 4-600<br>Atlanta, GA 30327 | |
| JDAVIS ARCHITECTS<br>1218 Chestnut Street, 7th Floor<br>Philadelphia, Pennsylvania 19107 | |
| Defendants. | |

## <u>CLASS ACTION COMPLAINT</u>

Plaintiffs Nicole Moss and Helen Mohan, and those similarly situated, are residents at Axel

Brewers Hill at 1211 S. Eaton Street, Baltimore, MD. Axel Brewers Hill is a relatively a new

apartment complex in the Brewers Hill Community that offered "inspired and spirited living."   On

September 20, 2024, the building was evacuated after the rooftop pool collapsed, compromising

the integrity of the building.  Plaintiffs bring this class action to recover damages they suffered as

the result of this calamity.  Plaintiffs allege as follows upon personal knowledge as to themselves

and their own experiences and, as to all other matters, upon information and belief derived from,

among others, investigation of counsel.

I.     **Parties**

A.  *Individually Named Plaintiffs*

1.     Plaintiff Nicole Moss is a resident of Axel Brewers Hill.  Nicole Moss signed a

lease in November 2022.

2.     Plaintiff Helen Mohan is a resident of Axel Brewers Hill.  Helen Mohan signed a

lease in April 2024.

B.  *Defendants*

3.     Defendant Wood Partners was the developer and construction company responsible

for the design and construction of Axel Brewers Hill.

4.     Defendant JDavis Architects was the firm that was responsible for the architecture

of Axel Brewers Hill.

5.     Alta Brewers Hill, LLC owned the building from 2018 until it was sold for

$125,000,000 to Brewers Hill Realty, LLC in 2022.

6.     Defendant Brewers Hill Realty is the current owner of the building at 1211 S. Eaton

Steet.

7.     Defendant Excelsior Communities is the property manager of Brewers Hill Realty.

2

II.     **Jurisdiction and Venue**

1.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendants.

8.      This Court has personal jurisdiction over each Defendant because Plaintiffs' claims arise out of Defendants' contacts with this forum.

9.      Venue is proper because a substantial part of the events giving rise to the claims occurred here.

III.    **STATEMENT OF FACTS**

10.     Axel Brewers Hill was constructed in 2018 and construction continued into 2020. Baltimore City subsequently issued a permit to operate a 372-unit apartment complex.

11.     Defendant Wood Partners was retained to develop and construct Axel Brewers Hill.

12.     Defendant JDavis Architects was responsible for the design and architecture of Axel Brewers Hill.

13.     The name was changed to Axel Brewers Hill in September 2023.

14.     On September 20, 2024, reports of a water leak were relayed to the Baltimore City Fire Department.

15.     The Baltimore City Fire Department responded shortly before 8 a.m. to investigate and quickly determined the rooftop pool was leaking.

16.     Subsequently it was determined the pool had become completely displaced and was disrupting the structural integrity of the building.



17.     Residents were informed by building shortly before 9 a.m.:

**\*\*URGENT\*\* please remove your vehicles from the parking garage as soon as possible**

**Please stay off your balconies! This is a structural emergency.**

18.     Residents were subsequently told to refrain from elevator use and certain stairwells.

## IV.     CLASS ALLEGATIONS

19.     Plaintiffs bring the asserted claims on behalf of a proposed class of residents of Axel Brewers Hill at 1211 S. Eaton St. Baltimore, MD 21224 as of September 20, 2024.

20.     The following people are excluded from the class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or its parents have a controlling interest and their current employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the class(es); (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5)

Plaintiffs' counsel and Defendants' counsel, and their experts and consultants; and (6) the legal representatives, successors, and assignees of any excluded persons.

21.    The class is sufficiently numerous to make joinder impracticable.  There are 372 units in the building, with multiple residents in many of the units.

22.    Common questions of law and fact exist as to all members of the class and predominate over any questions affecting only individual class members.

23.    The claims of Plaintiffs are typical of the claims of other members of the class.

24.    Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the class members they seek to represent, they have retained competent counsel that is experienced in complex consumer class action litigation and construction litigation, they intend to vigorously prosecute this action on behalf of the class, and they have no interests that are antagonistic to those of the class.

25.    A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual class members are relatively small compared to the burden and expense of individual litigation of their claims against Defendants. As a result, it would be virtually impossible for the class members, on an individual basis, to obtain effective redress for the wrongs committed against them. And even if the class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of

scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

26.     Defendants have acted or failed to act on grounds applicable to the Class, necessitating class-wide declaratory and injunctive relief.

## V.     LEGAL CLAIMS

### Count I – Negligence
### Brewers Hill Realty, LLC and Excelsior Communities

27.     All preceding paragraphs are incorporated herein.

28.     Defendant BREWERS HILL REALTY, LLC and EXCELSIOR COMMUNITIES owes a duty to all prospective Class members to provide safe and otherwise habitable living conditions at Axel Brewers Hill.

29.     BREWERS HILL REALTY, LLC and EXCELSIOR COMMUNITIES breached this duty by, among other things, failing to adequately inspect the premises, failing to adequately maintain and repair the premises, including the structural integrity of the building, and failing to adequately maintain and repair the pool.

30.     BREWERS HILL REALTY, LLC and ECELSIOR COMMUNITIES breached their duty despite actual knowledge that doing so would endanger the property and physical safety of the Atla Brewers Hill residents, including all Class members.

31.     As a direct and proximate result of the negligence by BREWERS HILL REALTY, LLC, and EXCELSIOR COMMUNITIES, the prospective Class members have suffered damages, including dislocation, loss of use and enjoyment, and other economic damages.

### Count II – Breach of Contract
### Brewers Hill Realty, LLC

32.     All preceding paragraphs are incorporated herein.

33.     Plaintiffs bring these claims individually and on behalf of the defined Class.

34.     Plaintiffs and other members of the Class, and Defendant Brewers Hill Realty, LLC entered into a valid written contract for lease of real property.

35.     A material term of the contract was that the unit be leased in a safe manner and that Defendant maintain common areas and that each unit be free from structural defect.

36.     Defendants have breached the contract by failing to provide safe units.

37.     As a result of Defendants' breach, Plaintiff and the Class have sustained economic losses because they have made lease payments for apartments that are no longer safe and habitable and will incur significant costs related to temporary housing and moving costs because they have no reasonable expectation of being able to resume living at Axel Brewers Hill in the near future.

**Count III – Breach of Warranty – Habitability**
**Brewers Hill Realty, LLC**

38.     All preceding paragraphs are incorporated herein.

39.     Plaintiffs bring this cause of action on behalf of themselves and the Class.

40.     Defendant BREWERS HILL REALTY, LLC owed a duty to Plaintiffs, and all other prospective Class members, to maintain Axel Brewers Hill in a safe and habitable condition, including all common areas.

41.     Defendants were on notice of the defects, specifically the structural failure of the building, through condemnation notices from Baltimore City, and from other sources.

42.     Defendants cannot simply fix the defects and Plaintiffs have no reasonable expectation of being able to resume living at Axel Brewers Hill in the near future.

43.     As a direct and proximate result, Plaintiffs, as well as all other Class members, have been constructively evicted from their homes and incurred significant damages, including economic damages, loss of use and enjoyment, inconvenience, and other consequential damages.

**Count IV – Negligence**
**Wood Partners**

44.     All preceding paragraphs are incorporated herein.

45.     Defendant WOOD PARTNERS was the developer, general contractor, and otherwise responsible for the design and construction of Axel Brewers Hill and had final supervisory authority over all decision-making related to the project.

46.     WOOD PARTNERS owes a duty to all current and future persons occupying Axel Brewers Hill to ensure that its development and construction activities on the Axel Brewers Hill were reasonably safe and free from latent defects.

47.     WOOD PARTNERS, acting by and through their agents, servants, employees, apparent agents, or alter egos, breached this duty by, among other things, failing to safely design and build Axel Brewers Hill, specifically the design and construction of the rooftop pool and surrounding structure.

48.     As a direct and proximate result, the structure failed, and Plaintiffs, as well as all other Class members, have been constructively evicted from their homes and incurred significant damages, including economic damages, loss of use and enjoyment, inconvenience, and other consequential damages.

**COUNT V - Strict Liability**
**Wood Partners**

49.     All preceding paragraphs are incorporated herein.

50.     The hazardous and abnormally dangerous construction of a defect with residential pool placement on the roof poses physical danger to persons and property, including Plaintiffs and Class members.

51.     The abnormally dangerous condition carried out caused significant structural damage and are a substantial factor in causing increased risk of harm to Plaintiffs and Class members and the damage which led to the failure and collapse of the residential pool at Axel Brewers Hill.

52.     As a result of the dangerous premises, Defendants are strictly liable for the injuries and damages Plaintiffs and Class members suffered, as alleged herein.

## COUNT VI – Negligence
## JDAVIS Architects

53.     All preceding paragraphs are incorporated herein.

54.      Defendant JDAVIS was the architect, and otherwise responsible for the design and construction of Axel Brewers Hill and had final supervisory authority over all decision-making related to the project.

55.     JDAVIS owes a duty to all current and future persons occupying Axel Brewers Hill to ensure that its development and construction activities on the Axel Brewers Hill was reasonably safe and free from latent defects.

56.     JDAVIS, acting by and through their agents, servants, employees, apparent agents, or alter egos, breached this duty by, among other things, failing to safely design Axel Brewers Hill, specifically the design and construction of the rooftop pool and surrounding structure.

57.     As a direct and proximate result, the structure failed, and Plaintiffs, as well as all other Class members, have been constructively evicted from their homes and incurred significant damages, including economic damages, loss of use and enjoyment, inconvenience, and other consequential damages.

## COUNT VII – RES IPSA LOQUITUR
## Brewers Hill Realty, LLC, Wood Partners, JDAVIS

58.     All preceding paragraphs are incorporated herein.

59.     The cause of the Plaintiffs' and the Class's injuries was under the exclusive control of the Defendants at all relevant times, including but not limited to common areas and specifically the pool area.

60.     Plaintiffs' and the Class's injuries would not in the ordinary course of events have occurred without negligence on the part of the Defendants who was in control at all relevant times.

61.     Neither Plaintiff nor the other Class members contributed to the collapse of the pool, and subsequent damage to the integrity of the building.

62.     As a direct and proximate result of Defendants negligence, carelessness, reckless acts and omissions, Plaintiff and the Class sustained damages as set forth herein.

### PRAYER FOR RELIEF

63.     Plaintiffs seek the following relief for themselves and the class:

   a.   An order certifying the asserted claims, or issues raised, as a class action;

   b.   A judgment in favor of Plaintiff and the proposed class;

   c.   Damages, treble damages, and punitive damages where applicable;

   d.   Disgorgement and other just equitable relief;

   e.   Pre- and post-judgment interest;

   f.   Injunctive relief, including but not limited to, mandating that residents may seek termination of all lease obligations;

   g.   Assume jurisdiction over the action and maintain continuing jurisdiction util Defendants are in full compliance with the Order of this Court;

   h.   Awarding Plaintiffs' reasonable attorneys' fees; and

   i.   Any additional relief that the Court deems just and proper.

## ELECTION OF JURY TRIAL

Plaintiff hereby requests that the above-captioned case by tried before a jury.

Dated: September 20, 2024                    Respectfully Submitted,


/s/ Thomas W. Keilty
Thomas W. Keilty, III (18992)
tkeilty@kblitigation.com
Nicholas C. Bonadio (13679)
nbonadio@kblitigation.com
Keilty Bonadio, LLC
One South Street – Suite 2125
Baltimore, Maryland 21202
410-469-9953


Kevin P. Sullivan (27506)
ksullivan@salsburysullivanlaw.com
Benjamin S. Salsbury (28850)
bsalsbury@salsburysullivanlaw.com
Salsbury Sullivan, LLC
100 N. Charles Street, Suite 900
Baltimore, MD 21201
443-869-3920


Alexandra M. Walsh (Bar No. 31193)
awalsh@anapolweiss.com
Patrick Huyett (*pro hac vice* forthcoming)
phuyett@anapolweiss.com
ANAPOL WEISS
One Logan Square
130 N. 18th St., Suite 1600
Philadelphia, PA 19103
Telephone: (202) 780-3014
Facsimile: (215) 735-2211